IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JANICE FONTELL,
    Plaintiff,

v.      Civil Action No. 10-cv-01472-AW

TODD HASSETT, *et al.*,
    Defendants.

## Memorandum Opinion

The matters currently being addressed by the Court are Plaintiff's motion for leave to file a second amended complaint, Doc. No. 25, and Plaintiff's motions for partial summary judgment against Defendants Tod Hassett, Jeff Gatling, and The Management Group Associates, Inc. ("TMG"), Doc. No. 33, and Defendant Norbeck Grove Community Association, Inc. ("Norbeck Grove"), Doc. No. 34. In addition, Plaintiff, who is proceeding *pro se* in this matter, has filed numerous discovery-related motions that are presently (or very soon will be) pending before a Magistrate Judge. The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the three motions under review, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court GRANTS-IN-PART Plaintiff's motion for leave to file a second amended complaint and DENIES Plaintiff's motion for summary judgment.

### I.     FACTUAL & PROCEDURAL BACKGROUND

This action arises from the efforts of Norbeck Grove Community Association, Inc. ("Norbeck Grove"), acting by and through its management agent, The Management Group Associates, Inc. ("TMG"), to collect a homeowner's fee from Plaintiff. Plaintiff owns property located at 18502 Stakeburg Place Olney, Maryland, and is a condominium member of Defendant Norbeck Grove.

As part of the payment arrangement imposed and enforced by Norbeck Grove and TMG, the parties invoice and collect monthly homeowner association dues for all 36 members of the condominium association. Plaintiff paid her monthly and quarterly homeowner association assessments and dues in a timely manner until the situation at issue.

On December 15, 2003, Norbeck Grove and MGA discovered they had failed to invoice the correct amounts from January to October 2003 on monthly bills to the condominium association. As a result of this billing error, there was a shortfall totaling $8,521.50 in homeowner association dues owed by the condominium association. The condominium association failed to pay this shortfall, and on January 23, 2006, Norbeck Grove and MGI divided the total of $8,521.50 by 36, the total number of condominium members, and began collection actions to collect a one-time charge totaling $236.71 from each condominium member. Plaintiff refused to pay the charge. Over the next two and a half years, Defendants charged Plaintiff late fees on the $236.71 amount, placed a lien for $751.91 on Plaintiff's residence, and notified Plaintiff of impending foreclosure on her home to collect such fees.

On September 19, 2008, Norbeck Grove filed a civil suit against Plaintiff in the District Court of Maryland for Montgomery County to collect the $236.71 charge, $1,157.24 in late fees, administrative and legal costs, $600.00 in attorneys' fees and $35.00 in court costs. The district

court granted judgment to Norbeck Grove.[1] Plaintiff appealed to the Circuit Court. In the meantime, on February 23, 2010, Defendant Norbeck Grove recorded a lien for $3,963.19 against Plaintiff's residence. On June 23, 2010, Norbeck Grove recorded a lien against Plaintiff individually for $1,330.71 based on unpaid homeowner association assessments plus late fees, costs of collection and attorneys' fees.

On October 20, 2010, the Circuit Court for Maryland reversed the District Court and dismissed Norbeck Grove's complaint, finding it barred by Maryland's three-year statute of limitations.

On June 7, 2010, Plaintiff filed the present action against Defendants, alleging willful violations of federal and state debt collection statutes, commercial laws, and unfair and deceptive trade practices. On March 7, 2011, the Court dismissed two counts of Plaintiff's 27-count amended complaint. Doc. No. 17. Now Plaintiff seeks to amend her complaint a second time in order to: (1) clarify certain issues for the Court; (2) add new violations of debt collection, collection licensing, real property, commercial laws, and unfair and deceptive trade practices that Plaintiff alleges have occurred since the filing of her amended complaint; (3) add new causes of action for invasion of privacy, injury to reputation, retaliation, malicious prosecution and vicarious liability; (4) request special damages, general damages and compensatory damages, and (4) to eliminate certain superfluous facts and allegations.

Additionally, on June 24 and June 30, 2010, while discovery was underway, Plaintiff filed motions for partial summary judgment against Defendants on many of her federal and state law claims. *See* Doc. Nos. 33, 34. Defendants argue that Plaintiff's motion is premature as they

---

[1] At least, this is what the Court infers from the Parties' briefings; the outcome of the district court case is not discussed in Plaintiff's Complaint.

have not yet deposed all the parties and their employees and that they are still in the process of developing the factual background of this case.

## II. STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). As a general rule, summary judgment is not appropriate prior to the completion of discovery. *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 792 (D. Md. 2009). Rule 56(f) provides the Court with discretionary authority to deny premature motions for summary judgment where the nonmoving party demonstrates that he has not had adequate time for discovery or needs additional time to complete it. Fed. R. Civ. P. 56(f). *See id.*

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party

4

cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. ANALYSIS

### A. Motion for Leave to File a Second Amended Complaint

As a preliminary matter, the Court will address Plaintiff's motion for leave to file a second amended complaint. The standard for granting leave to amend parallels, in relevant part, the standard for a motion to dismiss. *See, e.g.*, *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). Thus, Plaintiff's motion for leave to file a second amended complaint will be granted only if Plaintiff's second amended complaint would survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).

Plaintiff contends that her second amended complaint will clarify certain issues for the Court and eliminate certain superfluous facts and allegations. *See* Doc. No. 25 Ex. 1 at 2. Plaintiff also seeks to: (1) add new violations of debt collection, collection licensing, real property, and commercial laws and unfair and deceptive trade practices that have allegedly occurred since the filing of the amended complaint; (2) add new causes of action for invasion of

5

privacy, injury to reputation, retaliation, malicious prosecution and vicarious liability; and (3) to request special damages, general damages and compensatory damages. *Id.* Furthermore, in a "supplement" to Plaintiff's motion, filed nearly two months after her original motion, Plaintiff requests to add a new claim to her second amended complaint alleging violation of Maryland Code, Business Occupations and Professions Article, §§ 10-101(h)(2)(ii) and (iii) and 10-206 for the unauthorized practice of law. *See* Doc. No. 40 at 1.

Defendants do not contend that they will suffer undue prejudice from the filing of Plaintiff's second amended complaint. Rather, Defendants contend that Plaintiff fails to state new claims upon which relief can be granted. In reviewing Plaintiff's proposed second amended complaint, the Court finds that the vast majority of Plaintiff's amendments help to clarify her claims by providing salient facts while eliminating superfluous facts connected with claims already dismissed by the Court. Many of Plaintiff's amendments are allegations that seek to bolster her claims rather than state new claims. To the extent Plaintiff seeks to clarify and bolster her original claims with new facts, the Court finds Plaintiff's amendments proper.

However, in the interest of maintaining this 25-count complaint to only viable claims upon which relief may be granted, the Court will examine more closely the new claims alleged by Plaintiff. Namely, Plaintiff alleges new claims for: (1) violation of FDPCA 15 U.S.C. § 1692f (6) (B) for threatening to foreclose on Plaintiff's property when Defendants had no legal right to possession of the property and did not intend to take such action (Count VIII); (2) Injury to reputation, retaliation, invasion of privacy and failure to supervise (Count XXVII); (3) vicarious liability and malicious prosecution (Count XXVIII); and (4) violation of Maryland Code, Business Occupations and Professions Article, §§ 10-101(h)(2)(ii) and (iii) and 10-206, for the

unlicensed practice of law (included in Plaintiff's Supplement to her Motion for Leave to File a Second Amended Complaint, Doc. No. 40).

1. <u>Plaintiff's FDPCA Claim (Count VIII)</u>

The Court finds that Plaintiff properly states a claim under FDPCA 15 U.S.C. § 1692f(6)(B). That section provides a remedy "for taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property." Plaintiff's proposed second amended complaint alleges that Defendants threatened to foreclose on Plaintiff's property when they had no legal right to possession of the property and did not intend to take such action. Defendants have not adequately briefed why it would be prejudicial to deny Plaintiff leave to add this claim. Moreover, Plaintiff's new FDPCA claim is related to her initial claim under FDPCA 15 U.S.C. § 1692f(6)(A) for "threatening to take any nonjudicial action to effect dispossession or disablement of property." Because the claims involve substantially the same underlying facts, the addition of this new claim should not elongate discovery. Moreover, Defendants have been aware of this proposed claim since May 18, when discovery was still in the initial stages. Accordingly, Plaintiff's motion to further amend her complaint to add this new claim to Count VIII is granted.

2. <u>Plaintiff's Claims for Injury to Reputation, Retaliation, Invasion of Privacy and Failure to Supervise (Count XXVII)</u>

Plaintiff raises new claims for injury to reputation, retaliation, invasion of privacy and failure to supervise. In support of her new claims, Plaintiff alleges that during open Board of Directors meetings held on May 13, 2010 and October 14, 2010, the collection and legal actions

being taken against Plaintiff by Norbeck Grove were "openly discussed and communicated," and that minutes of those two meetings were "publicly posted online on the website" and "available for unrestricted public review by the 532 homeowners residing in the community and other third parties who do not possess any legitimate business need for the information." The second amended does not articulate how the dissemination of such information constitutes tortious behavior, and Defendants argue, without discussion of the elements of Plaintiff's new claims or citation to applicable case law, that this is "evidence of the reality that no such viable claim exists." In light of the leniency with which the Court must construe *pro se* pleadings, the Court declines to deny Plaintiff leave to add her claims of injury to reputation and invasion of privacy when Defendant has not properly briefed the Court as to why these new claims are not viable.

However, as a matter of law Plaintiff's claim for failure to supervise must fail because Plaintiff has not alleged any facts in support of this claim. The Court will grant Plaintiff leave to add her retaliation claim but notes that Plaintiff will need to demonstrate more evidence to support this claim at the summary judgment stage.

3. <u>Plaintiff's Claims for Vicarious Liability and Malicious Prosecution (Count XXVIII)</u>

Defendants do not contest Plaintiff's new claim for vicarious liability but argue that Plaintiff has failed to state a claim for malicious prosecution. Indeed, the tort of malicious prosecution requires the initiation of a criminal proceeding by the defendant against the plaintiff, and no such criminal proceeding was initiated here. *Krashes v. White*, 341 A.2d 798 (1975). However, the Court will construe Plaintiff's claim as one for malicious use of civil process,

commiserate with the rule that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 97 (2007) (*per curiam*). To sustain an action for malicious use of civil process, the plaintiff must show that: (1) a prior civil proceeding was instituted by the defendant; (2) with malice; (3) without probable cause; (4) termination in favor of the plaintiff; and (5) damages were inflicted upon the plaintiff by arrest or imprisonment, seizure of property, or other special injury. *See Keys v. Chrysler Credit Corp.*, 494 A.2d 200, 205 (1985).

The malice required for this tort is the initiation or continuation of a civil proceeding with a purpose different from the proceeding's intended purpose. *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633 (1992). Plaintiff has not alleged any facts suggesting that Defendant Norbeck Grove brought suit against Plaintiff for any reason other than to collect the fees it alleged it was owed. Moreover, even when viewed in a light most favorable to Plaintiff, the facts alleged (i.e. that Defendants brought a civil action to collect on fees and won in the district court but lost in the circuit court) do not support Plaintiff's claim that Defendants lacked probable cause or a good faith belief that their claim was meritorious. Finally, Plaintiff fails to allege any damage from the suit other than the fact that the liens of judgment recorded during the suit, lifted when Plaintiff prevailed in the circuit court case, cannot be expunged from public and land records. Maryland courts have found that an action for malicious abuse of civil process may lie only where "the defendant in the malicious suit has been deprived of his personal liberty, or the possession, use or enjoyment of property." *Keys*, 494 A.2d at 207. Plaintiff has not alleged facts supporting her contention that the lingering record of liens placed on her property deprives her of her personal liberty or the possession, use or enjoyment of property. Because Plaintiff has failed to suggest

facts supporting these elements of a malicious suit, the Court denies Plaintiff's motion to amend her amended complaint to add such a claim.

4. Plaintiff's Claim for the Unlicensed Practice of Law

In a supplement to Plaintiff's motion for leave to file a second amended complaint, filed nearly two months after her original motion, *see* Doc. No. 40, Plaintiff seeks to add an additional claim alleging violation of Maryland Code, Business Occupations and Professions Article, §§ 10-101(h)(2)(ii) and (iii) and 10-206, for the unlicensed practice of law. However, section 10-101 does not define Plaintiff's rights under the Code; it is merely a section of definitions. Similarly, section 10-206 merely clarifies circumstances under which admission to the Maryland Bar is required for certain types of representation. Neither of these sections provide any basis for Plaintiff to recover from Defendants. Additionally, Plaintiff has not alleged facts supporting her allegation that Defendants, who are not attorneys, engaged in the practice of law. Even if she had, the Maryland Code provides no civil remedy for such a violation; treating it instead as a criminal misdemeanor under §§ 10-601 and 10-606. Accordingly, Plaintiff's motion for leave to amend her complaint for a second time to add this claim will be denied.

B. Plaintiff's Motions for Partial Summary Judgment

Additionally, Plaintiff has filed motions for partial summary judgment against Defendants on many of her federal and state law claims. *See* Doc. Nos. 33, 34. Defendants contend that Plaintiff's motion is premature as they have not yet deposed all the parties and their employees and that they are still in the process of developing the factual background to this case.

Specifically, Defendants anticipate that the additional facts and testimony produced by discovery will shed light on Plaintiff's claims, such as by showing that Plaintiff has no evidence to establish that Defendants knowingly or intentionally sought to recover a time-barred debt, and will substantiate Defendants' affirmative defenses.

At the time Plaintiff's motions for partial summary judgment were filed, the Parties were in the middle of the discovery process and Defendants had only begun propounding written discovery on Plaintiff. *See* Doc. No. 44 Ex. 1 at 6. As a general rule, summary judgment is not appropriate prior to the completion of discovery. *Minter*, 593 F. Supp. 2d at 792. Federal Rule 56(f) provides the Court with the discretionary authority to deny a motion for summary judgment where the nonmoving party demonstrates that it needs additional time to complete discovery. *Id.* Moreover, Courts are particularly hesitant to grant summary judgment where "the party opposing summary judgment is attempting to obtain necessary discovery of information possessed only by her opponent." *Ingle v. Yelton*, 439 F.3d 191, 196-97 (4th Cir. 2006). Here, Plaintiff seeks summary judgment on certain claims which are grounded in facts upon which the Court needs a fully developed record in order to reach a full and fair determination. In Defendants' responses to Plaintiff's motions for partial summary judgment, they list several material facts in dispute that form the basis of Plaintiff's claims. Moreover, Defendants state that Plaintiff has propounded discovery requests on Defendants for four months and it is only at this point that "the flow of discovery requests will now be reversed." Given these circumstances, and especially in light of the fact that discovery is at this point almost complete, the Court finds that the interests at bar weigh in favor of denying Plaintiff's summary judgment motions as premature. The Court looks forward to briefing by the parties with the benefit of a fully developed factual record.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint is granted in part, and Plaintiff's motions for partial summary judgment against Defendants' are denied. A separate order will follow.


<u>October 3, 2011</u>          <u>         /s/                   </u>
         Date                                           Alexander Williams, Jr.
                                                        United States District Judge