IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JANICE FONTELL,<br>Plaintiff, | * | |
| v. | * | Civil Action No. 10-cv-01472-AW |
| TODD HASSETT, *et al.*,<br>Defendants. | * | |

**************************************************************************

### Memorandum Opinion

Currently pending before the Court are several motions: (1) two motions by Plaintiff Janice Fontell for Partial Summary Judgment against Defendants Todd Hassett ("Hassett"), Jeff Gatling ("Gatling"), The Management Group Associates ("TMG"), and Norbeck Grove Community Association, Inc. ("Norbeck Grove") (collectively, "Defendants"), (Doc. Nos. 84, 85); and  Defendants' Motion for Summary Judgment,  (Doc. No. 83).  Plaintiff is proceeding *pro se* in this matter.  The Court has reviewed the entire record as well as the pleadings and exhibits with respect to the three motions under review, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court DENIES Plaintiff's Motions for Partial Summary Judgment and GRANTS Defendants' Motion for Summary Judgment.

## I.      FACTUAL & PROCEDURAL BACKGROUND

This action arises from the efforts of Norbeck Grove, acting through its management agent, TMG, to collect a homeowner's assessment from Plaintiff.  Plaintiff owns property

located at 18502 Stakeburg Place, Olney, Maryland, and is a condominium member of Norbeck Grove.  (Doc. No. 83 Ex. 8 at 2).  Defendant Gatling is the president of TMG, and Defendant Hassett is an employee of TMG.  *See* (Doc. No 83 Ex. 9 at 2); (Doc. No. 82 Ex. 11 at 13–14).

Pursuant to the management contract between Norbeck Grove and TMG, TMG enforces Norbeck Grove's debts and collection policies against the 36 members of the condominium association.  (Doc. No. 83 Ex. 10 at 2–4).  TMG charges Norbeck Grove for its management activities and also pays its employees' salaries and files its own tax forms.  (Doc. No. 83 Ex. 9 at 2-4).  Debt collection comprises 5 percent of TMG's total business activities.  (Doc. No. 83 Ex. 9 at 4).

TMG sends Norbeck Grove monthly reports on its debt collections, and Norbeck Grove reviews TMG's monthly reports in a board meeting.  (Doc. No 83 Ex. 10 at 2).  TMG's employee, Hassett, discusses management issues with Norbeck Grove on TMG's behalf at those meetings.  *See* (Doc. No. 83 Ex. 11 at 8, 13).  Pursuant to a 2003 Norbeck Grove policy resolution adopted by the Board of Directors, Norbeck Gove may charge interest and a quarterly late fee on any unpaid assessments by condominium association members, as well as attorneys' fees and administrative costs incurred from collecting any unpaid assessments.  (Doc No. 84 Ex. 20 at 1–2).  If TMG is unable to collect a member's debt, Hassett refers the collection to Norbeck Grove's attorney, Torin Andrews of Andrews Law Group, LLC ("Andrews Law Group").  (Doc. No. 83 Ex. 10 at 30); (Doc. No. 83 Ex. 11 at 7–14).  Andrews Law Group then takes over all collection duties.  (Doc. No. 83 Ex. 11 at 10).

On December 15, 2003, Norbeck Grove and TMG discovered that they had failed to invoice the correct amounts from January to October 2003 on monthly bills to the condominium association.  *See* (Doc No. 2 Ex. 1 at 1).  As a result of this billing error, there was a shortfall

totaling $8,521.50 in homeowner association dues owed by the condominium association. *See* (Doc No. 2 Ex. 1 at 1). On January 23, 2006, Norbeck Grove and TMG divided the total of $8,521.50 by 36, the total number of condominium members, and TMG began to collect a one-time charge totaling $236.71 from each condominium member. *See* (Doc. No. 85 Ex. 15 at 1). Plaintiff had paid her monthly and quarterly homeowner association assessments and dues in a timely manner until this collection action. (Doc. No. 83 Ex. 8 at 9).

On January 23, 2006, Defendants billed Plaintiff for $236.71 pursuant to the 2003 shortfall. Plaintiff refused to pay the assessment, and Defendants charged Plaintiff a $10 late fee on April 6, 2006. *See* (Doc. No. 84 Ex. 5 at 1). Over the next two and a half years, Defendants charged Plaintiff additional late fees on the $236.71 amount, placed a lien for $751.91 on Plaintiff's residence, and notified Plaintiff of impending foreclosure on her home to collect such fees. (Doc. No. 86 Ex. 1 at 1–4); (Doc. No. 84 Ex. 8); (Doc No. 84 Ex. 9). Gatling prepared and signed the lien documents, even though he is not a lawyer. *See* (Doc. No. 84 Ex. 8); (Doc No. 84 Ex. 2).

On September 19, 2008, Norbeck Grove sued Plaintiff in the District Court of Maryland for Montgomery County through Andrews Law Group to collect the $236.71 charge, $1,157.24 in late fees, administrative and legal costs, $600 in attorneys' fees and $35 in court costs. *See* (Doc. No. 2 Ex. 21). The district court granted judgment to Norbeck Grove, and Plaintiff appealed to the Circuit Court. (Doc. No. 94 Ex. 2 at 5). In the meantime, on February 23, 2010, Andrews Law Group recorded a lien for $3,963.19 against Plaintiff's residence. (Doc. No. 88 Ex. 4 at 7). On June 23, 2010, Andrews Law Group recorded a lien against Plaintiff individually for $1,330.71 based on unpaid homeowner association assessments plus late fees, costs of collection, and attorneys' fees. *See* (Doc. No. 83 Ex. 8 at 23). As Andrews Law Group was

trying to collect Plaintiff's debts, Hassett left a voicemail on Plaintiff's home phone about the liens on her property that Plaintiff's friend later overheard.  (Doc. No. 92 Ex. 15 at 2).  On October 20, 2010, the Maryland circuit court reversed the district court and dismissed Norbeck Grove's Complaint, finding it barred by Maryland's three-year statute of limitations.  (Doc. No 94 Ex. 2 at 5).

On June 7, 2010, Plaintiff filed the present action against Defendants in this Court. Plaintiff's amended Complaint alleges that Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), the Maryland Contract Lien Act ("MCLA"), the Maryland Collection Agency Licensing Act ("MCALA"), and the Maryland Consumer Protection Act ("MCPA") for its conduct in attempting to collect her homeowner's assessment.  (Second Am. Compl. ¶¶ 44–104).  Plaintiff also alleges that Norbeck Grove is vicariously liable for the actions of Andrews Law Group, TMG, Gatling, and Hassett.  (Second Am. Compl. ¶¶ 107–110).

On January 9, 2012, Defendants filed a Motion for Summary Judgment.  (Doc. No. 83). Therein, Defendants argue that Plaintiff's FDCPA claims are time-barred and that such claims fail because Defendants are not debt collectors as defined in the FDCPA.  (Doc. No. 83). Defendants further contend that they are not vicariously liable for the actions of Andrews Law Group and that they lacked the requisite intent to violate the MCDCA.  *Id.*; (Doc. No. 83 Ex. 1).

Also on January 9, 2012, Plaintiff filed two Motions for Partial Summary Judgment. (Doc. Nos. 84, 85).  Plaintiff seeks summary judgment on her FDCPA and MCDCA claims against Defendants.  Plaintiff contends that summary judgment is proper because Defendants attempted to collect more money from Plaintiff than what was actually owed, disclosed

Plaintiff's debts to third parties, knowingly filed an illegal and time-barred lien on her property, and acted as a collecting agency without a license.  (Doc. No. 85 Ex. 1).


## II.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence."  *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson*, 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).


## III.    ANALYSIS

### A.     FDCPA Claims

Plaintiff argues that Defendants violated various provisions of the FDCPA, section 1692. (Second Am. Compl. ¶¶ 44–73).  Defendants argue that they are not liable for FDCPA violations because Plaintiff's action is time-barred and they do not qualify as debt collectors under the FDCPA.  (Doc. No. 83 Ex. 1 at 6–13).

The FDCPA allows parties to sue debt collectors for violations of its provisions up to a year after the violation is alleged to have occurred.  15 U.S.C. § 1692k(d) (2010).  Plaintiff brought this action on June 7, 2010.  Andrews Law Group was responsible for the collection against Plaintiff as early as September 2008, and thus it was Andrews Law Group that performed all of the collection actions in the year before Plaintiff filed this Complaint.  As discussed *infra*, Part III.F, Defendants are not liable for the actions of Andrews Law Group as a matter of law. Any FDCPA violations committed by Defendants, as opposed to Andrews Law Group, would have occurred more than a year before this action was brought and are therefore time-barred.  15 U.S.C. § 1692k(d).

Additionally, Defendants must qualify as "debt collectors" under the FDCPA to be liable for FDCPA violations.  15 U.S.C. § 1692k(a).  An entity that tries to collect a debt on its own behalf is not a debt collector under the FDCPA.  *Betskoff v. Enterprise Rent A Car Co. of Baltimore*, No. ELH-11-2333, 2012 WL 32575, at *5 (D. Md. Jan. 4, 2012).  Norbeck Grove, the condominium association, was the entity that assessed the homeowner's fee on Plaintiff.  Any attempts by Norbeck Grove to collect the assessment were made on its own behalf rather than by a third party, and thus Norbeck Grove cannot be subject to civil liability under the FDCPA.  *See id.*

Furthermore, a debt collector does not include any person collecting a debt owed to another "to the extent such activity … concerns a debt which was not in default at the time it was

6

obtained by such person." 15 U.S.C. § 1692a(6)(F) (2010). *See also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d. 709, 717–18 (E.D. Va. 2003) (finding that a mortgage servicing company was not a debt collector when it began collecting debts on an assigned mortgage before the party paying the mortgage had defaulted). When TMG, Gatling, and Hassett began their attempts to collect the homeowner's assessment from Plaintiff on January 23, 2006, Plaintiff had not yet defaulted on that debt. Thus, TMG, Gatling, and Hassett do not qualify as debt collectors subject to liability under the FDCPA. *See* 15 U.S.C. § 1692k(d).

      B.    <u>MCDCA Claims</u>

Plaintiff argues that Defendants violated section 14-202 of the MCDCA because they tried to enforce rights against her that they did not have and because they disclosed Plaintiff's debt to third parties. (Second Am. Compl. ¶¶ 74–82).

The MCDCA provides that a debt collector cannot "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist … [.]" Md.Code Ann., Com. Law § 14–202(8). Plaintiff first argues that Defendants violated this provision by trying to collect a time-barred debt. (Second Am. Compl. ¶¶ 74–80). Plaintiff admits she does not have any evidence that Defendants knew the debt was time-barred and argues that Defendants should have known the debt was time-barred. (Doc. No. 83 Ex. 8 at 11). That Defendants should have known is insufficient to support liability under the MCDCA, which requires that the debt collector have actual knowledge or have acted with reckless disregard that the right it was trying to enforce did not exist. *See Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d. 719, 732 (D. Md. 2011). Here, Plaintiff has provided no probative evidence tending to support the claim that Defendants knew or recklessly disregarded that their claim was time-barred. In fact, the

Maryland district court agreed that Defendants had a viable claim to collect the unpaid fees, and it was only on appeal that the debt collection was found to be time-barred. After losing on appeal, Defendants appear to have immediately removed all liens recorded against Plaintiff and to have otherwise halted all attempts to collect the debt.  Accordingly, Plaintiff has shown insufficient evidence of Defendants' actual knowledge or reckless disregard that their debt collection was precluded by the statute of limitations to establish liability under the MCDCA.

Next, Plaintiff alleges that Defendants inflated Plaintiff's debt.  (Second Am. Compl. ¶¶ 14–22).  Plaintiff contends that Defendants sent out late notices seeking to collect amounts greater than what she actually owed.  Plaintiff fails to provide evidence, however, that Defendants knowingly or recklessly charged her the wrong amounts.  The assessments and late fee amounts recorded on Defendants' financial ledger appear to be consistent with Norbeck Grove's written fee policy and the notices sent out to Plaintiff.  *See* (Doc No. 85 Ex. 44); (Doc No. 84 Ex. 20 at 1–2). Plaintiff argues that Defendants inflated her debt on other occasions, but Andrews Law Group was in charge of those debt collections, and as discussed below, Defendants are not liable for the collection activities of Andrews Law Group.  *See infra* Part III.F.

Plaintiff further alleges that Defendants violated the MCDCA by disclosing information about her credit-worthiness to third parties that Defendants knew was false.  (Second Am. Compl. ¶¶ 74-78.)  *See* Md. Code Ann., Com.  Law § 14–202(3).  This argument fails, however, because Plaintiff has not put forth any evidence suggesting that Defendants knew the information disclosed to third parties was false or that Defendants otherwise selectively disclosed potentially false information.  *Cf. Akalwadi v. Risk Mgmt. Alt., Inc.*, 336 F. Supp. 2d 492, 511 (2011) (finding a genuine issue of material fact where evidence existed that Defendant knowingly chose

to report a higher debt amount to a credit bureau instead of reporting a lower debt amount).

Plaintiff additionally argues that Defendants violated the MCDCA by disclosing information

about her reputation to third parties that had no legitimate business need for that information.

*See* Md. Code Ann., Com. Law §§ 14–202(3).  The only person that learned of Plaintiff's debt

and had no business need for this information, however, was Clayton Foreman, an individual

who heard a voice message left on Plaintiff's phone.  Defendants did not disclose this

information to Foreman, but rather Plaintiff admits that she disclosed the voicemail to Foreman

by pressing play on her voicemail machine.  (Doc. No. 83 Ex. 8 at 21–23).


### C.   MCLA Claims

Plaintiff contends that Defendants violated the MCLA by causing the state court clerk to

file a lien against her property.  Andrews Law Group had control over the collection action

against Plaintiff at this point, however, and Defendants cannot be held liable for the collection

activities of Andrews Law Group because Andrews Law Group is an independent contractor.

*See* discussion *infra* Part III.F.

Plaintiff then argues that Defendants violated section 14-203 of the MCLA by failing to

follow the proscribed procedures when they recorded a lien on Plaintiff's property in 2008.

(Second Am. Compl. ¶¶90–94).  The MCLA, however, is a statute that determines whether a

party can create and enforce a lien through a breach of contract.  *See* Md. Code Ann., Real Prop.

§§ 14–201-206; *see also Bright v. Linganore, Ass'n, Inc.*, 656 A.2d 377, 398–99 (Md. Ct. Spec.

App. 1995).  This statute does not create a private right of action against those who do not follow

proper procedures under the MCLA.  Md. Code Ann., Real Prop.  §§ 14–201-206.  Accordingly,

the Court must dismiss Plaintiff's MCLA claims.

D.      MCALA Claims

Plaintiff alleges that Defendants TMG, Hassett, and Gatling violated the MCALA for operating as a collection agency without a license.  (Second Am. Compl. ¶¶ 95–100).  The MCALA provides that "a person must have a license whenever the person does business as a collection agency in the State."  Md. Code Ann., Bus. Reg. § 7–301(a)**.**  The MCALA does not apply, however, to a person collecting the debt of another person if "the principal business of the person who is collecting a debt is not the collection of debts."  *Id.* § 7–102(b)(10)(iii).  A person's "principal business" is the "business activity of a person that comprises more than 50% of the total business activities of the person."  *Id.* § 7–102(a)(3).  Because the president of TMG attests that TMG's debt collection activities comprise only 5 percent of its total business activities and Plaintiff has produced no evidence to the contrary, TMG's principal business is not that of debt collection.  Therefore, the MCALA does not apply to TMG or its employees, and Plaintiff's MCALA claims must be dismissed.

E.      MCPA Claims

Plaintiff asserts that Defendants violated MCPA section 301; subsections 1, 3, 4, and 14 .  (Second Am. Compl. ¶¶ 101–102.)  *See also* Md. Code Ann. Com. Law § 13–301(1), (3), (4), (14).  Subsections 1, 3, and 4 apply to consumer transactions.  *Id.*  Plaintiff does not present any evidence or otherwise contend that Defendants deceived her while she was buying goods, realty, or services.  *See id.* § 13–301(1), (3), (4).  Instead, Plaintiff argues that Defendants charged her for amounts that she did not owe.  Thus, summary judgment is appropriate as to these claims.

10

Section 301, subsection 14 of the MCPA provides that a corporation is liable for violating the MCPA if it violates other provisions of Maryland law.  *See* Md. Code Ann. Com. Law § 13–301(14).  The MCDCA is the only law under subsection 14 that applies to Plaintiff's claims, and for the reasons discussed *supra* in Part III.B, those claims have been dismissed.

F.    Vicarious Liability

Finally, Plaintiff argues that Norbeck Grove is vicariously liable for the actions of TMG, Hassett, Andrews Law Group, and the Andrews Law Group attorneys that tried to collect the debt from her.  (Second Am. Compl. ¶¶107–10).  An employer is vicariously liable for the torts of its employee when the employee is acting within the scope of a master-servant relationship.  *Schweizer v. Keating*, 150 F. Supp. 2d 830, 839 (D. Md. 2001).  This rule does not apply, however, where an employer's independent contractor commits the torts.  *Id.*

Whether TMG, Hassett, Gatling, Andrews Law Group, and its attorneys were agents of Norbeck Grove depends on the extent to which Norbeck Grove could control them, "for a master controls or has the right to control the physical conduct of the [servant] in the performance of the service."  *See id.* (quoting *Sanders v. Rowan,* 484 A.2d 1023, 1028 (Md. Ct. Spec. App. 1984)).  An independent contractor, on the other hand, is one "who contracts to perform a certain work for another according to his own means and methods, free from control of his employer in all details connected with the performance of the work except as to its product or result."  *Schramm v. Foster*, 341 F. Supp. 2d 536, 544 (D. Md. 2004) (quoting *Gale v. Greater Wash. Softball Umpires Ass'n*, 311 A.2d 817, 821 (Md. Ct. Spec. App. 1973)); *Kersten v. Van Grack, Axelson & Williamowsky, P.C.*, 608 A.2d 1270, 1273 (Md. Ct. Spec. App. 1992) ("To have an employment

relationship, the 'employer' must have some ability, should he care to exercise it, to tell the 'employee' what to do and how and when to do it.").

Under this standard, TMG and all its employees were independent contractors for Norbeck Grove.  Norbeck Grove gave TMG very little, if any, direction as to how and when to collect homeowner's assessments, and it gave TMG full control over referring collections to Andrews Law Group.  TMG also paid its employees' salaries and filed tax forms separately from Norbeck Grove.  Here, TMG and Norbeck Grove only contracted toward the result, and TMG carried out its management duties in the way it saw fit.  *See Foster*, 341 F. Supp. 2d. at 544.

The same holds true for Andrews Law Group and its employees.  Andrews Law Group had very little communication with Norbeck Grove over its collection activities.  TMG handed over all collection activities against Plaintiff to Andrews Law Group.  Norbeck Grove did not direct Andrews Law Group or its employees as to how or when to collect Plaintiff's debt. Andrews Law Group performed the collection against Plaintiff entirely according to its own methods, free from Norbeck Grove's supervision.  Thus, Andrews Law Group was also an independent contractor and Norbeck Grove is not vicariously liable for the actions of Andrews Law Group.  *See Kersten*, 608 A.2d at 1273.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motions for Partial Summary Judgment are

DENIED and Defendants' Motion for Summary judgment is GRANTED.  A separate order will follow.


_____April 19, 2012_____                          _____/s/_____
        Date                                                     Alexander Williams, Jr.
                                     United States District Judge