IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| JANICE FONTELL, <br> Plaintiff, <br><br> v. <br><br> TODD HASSETT, *et al.*, <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 10-cv-01472-AW <br> * <br> * <br> * <br> * |

*************************************************************************

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Alter or Amend the portion of this Court's Order of June 28, 2012, Doc. No. 114, which found that individual Defendants Todd Hassett and Jeffrey Gatling are liable under the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA") for their unlicensed attempts on behalf of The Management Group, Inc. ("TMG") to collect debt from Plaintiff Janice Fontell. The Court has reviewed the parties' memoranda and supporting exhibits and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, the Court will DENY Defendants' Motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Court incorporates by reference the extensive factual background provided in its prior Memorandum Opinions, Doc. Nos. 95 and 113, and will limit its discussion herein to the facts and procedural history that are most relevant to the pending Motion.

1

This litigation arises from actions taken by Defendants to collect a $236.71 condominium fee assessed against Plaintiff.  Plaintiff owns property at 18502 Stakeburg Place, Olney, Maryland, and is a member of Norbeck Grove Community Association, Inc. ("Norbeck Grove" or "the homeowner association").  Norbeck Grove's management agent TMG initiated efforts to collect the fee in question from Plaintiff on or around January 23, 2006.  Plaintiff steadfastly refused to pay the fee, however, and during the next two and half years, Norbeck Grove and TMG, through its president Gatling and employee Hassett, sent Plaintiff multiple late notices, charged her additional late fees, placed a lien on her home, and notified her of impending foreclosure.  When TMG's efforts proved unsuccessful, Norbeck Grove referred the matter to its attorneys, the Andrews Law Group, which obtained a judgment against Plaintiff in Montgomery County District Court to collect the assessment and late fees, and subsequently recorded liens on Plaintiff's property.  On October 20, 2010, the Circuit Court for Montgomery County reversed the District Court and dismissed Norbeck Grove's Complaint against Plaintiff, finding that the action was barred by Maryland's three-year statute of limitations.

On June 7, 2010, Plaintiff filed the present action against Defendants in this Court, alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), the Maryland Consumer Protection Act ("MCPA"), the Maryland Contract Lien Act ("MCLA"), and the Maryland Collection Agency Licensing Act ("MCALA") based on their efforts to collect the condominium fee.  Plaintiff also claimed that Norbeck Grove was vicariously liable for the actions of its attorneys, TMG, and TMG's employees.  On April 20, 2012, the Court granted Defendants' motion for summary judgment, denied Plaintiff's motions for summary judgment, and dismissed all claims against Defendants.  *See* Doc. No. 96.  Subsequently, Plaintiff moved to alter or amend that judgment,

which the Court granted in part and denied in part. *See* Doc. No. 114. The Court reinstated Plaintiff's claims under the MCDCA and MCPA against Defendants TMG, Hassett, and Gatling, and found the Defendants liable for their unlicensed attempts to collect debt from Plaintiff. *See* Doc. No. 113, at 29. The Court determined that under the three-year statute of limitations for claims under the MCDCA and MCPA, Plaintiff would be limited to seeking damages based on Defendants' actions that occurred after June 6, 2007. The Court has scheduled a one-day jury trial for March 5, 2013, to determine what damages, if any, Plaintiff can prove as a result of Defendants' unlicensed debt collection efforts.

On July 9, 2012, Defendants moved to amend that portion of the Court's June 28, 2012 Order which found that individual Defendants Hassett and Gatling were liable under the MCDCA and MCPA.[1] They contend that the Court "improperly engaged in 'guilt by association' without any factual predicate for holding them individually liable" under either statute. Doc. No. 115, at 3.

## II. STANDARD OF REVIEW

Defendants seek reconsideration of the Court's June 28, 2012 judgment under Rule 59(e) of the Federal Rules of Civil Procedure. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Defendants contend that it was manifest error to hold them individually liable for violations of the MCDCA and MCPA. To justify reconsideration on this basis, the prior

---

[1] Defendants do not challenge the Court's finding that TMG is liable under the MCDCA and MCPA.

judgment cannot be "just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted).

### III.     ANALYSIS

Although the Court conducted an extensive analysis in its June 28, 2012 Order, it will again review the relevant statutory authority to determine whether the Court erred in finding Hassett and Gatling individually liable under the MCDCA and MCPA. Under the MCALA, a person must have a license whenever he does business as a "collection agency" in the state. Md. Code Ann., Bus. Reg. § 7-301(a). "Collection agency" means a person who engages "directly or indirectly" in the business of collecting for another a consumer claim. *Id.* § 7-101(c)(1)(i). The MCALA further provides that "a person may not knowingly and willfully do business as a collection agency in the State unless the person has a license." *Id.* § 7-401(a). Although there is no private cause of action for violations of MCALA, doing business as a collection agency without a license violates the MCDCA and MCPA. *See* Doc. No. 113, at 17–21; *see also Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 731–32 (D. Md. 2011). Specifically, the MCDCA provides that debt collectors may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). Accordingly, if Hassett and Gatling collected or attempted to collect Plaintiff's debt with knowledge that they were not licensed as collection agencies, they are liable for damages under the MCDCA. *See* Doc. No. 113, at 20–21; *see also Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004) ("[A] party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right.") (citing *Spencer v. Henderson-Webb, Inc.*, 81 F. Supp. 2d 582, 595 (D. Md. 1999)). Hassett and Gatling

would also be liable under the MCPA, which provides that violations of the MCDCA constitute "[u]nfair or deceptive trade practices." Md. Code Ann., Com. Law § 13-301(14)(iii).

At no point prior to the pending Motion have Defendants argued that they should not be held individually liable for debt collection actions taken as agents or employees of TMG. *See* Doc. No. 113, at 29 n.4. Although motions under Rule 59(e) may not be used "to raise arguments which could have been raised prior to the issuance of the judgment," *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), the Court will nevertheless conduct a thorough review of Defendants' arguments to ensure that there were no manifest errors of law in its June 28, 2012 Order.

The Court was unable to find any Maryland cases that analyzed the extent to which a debt collector's officers and employees can be held individually liable for violations of the MCDCA or MCPA. The Court sees no reason to depart from Maryland's general rule of liability for a corporation's officers or agents, however:

> The general rule is that the corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body. . . . Of course, participation in the tort is essential to liability. If the officer takes no part in the commission of the tort committed by the corporation, he is not personally liable therefor unless he specifically directed the particular act to be done, or participated or cooperated therein.

*Metromedia Co. v. WCBM Md., Inc.*, 610 A.2d 791, 794 (Md. 1992) (quoting *Tedrow v. Deskin*, 290 A.2d 799, 802-03 (Md. 1972)) (citations omitted). "[W]hen a corporation violates a statute, individuals who 'voluntarily and intentionally caused the corporation to act' in violation of the statute can be personally liable for those statutory violations, such as when a director votes for the commission of an unlawful act." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011) (quoting *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1144

(4th Cir. 1975)). Courts analyzing individuals' liability for violations of the Fair Debt Collection Protection Act ("FDCPA"), a statute similar to the MCDCA, have generally viewed personal participation or involvement in the corporation's unlawful collection effort as the linchpin to finding liability against individual officers or agents.[2]  *See, e.g.*, *Heyward v. PRA Recovery, Inc.*, No. 10cv2030, 2011 WL 3134985, at *2 (D. Conn. May 13, 2011); *Herzlinger v. Nichter*, No. 09-CV-00192, 2011 WL 1434609, at *9 (S.D.N.Y. Feb. 9, 2011); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008); *Krapf v. Prof'l Collection Servs., Inc.*, 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007).

A. Hassett's Liability

The Court concludes that it committed no manifest error in finding Todd Hassett individually liable for damages under the MCDCA and MCPA. The record reflects multiple instances during the three years before this action was filed in which Hassett personally participated in TMG's unlicensed debt collection efforts. Plaintiff received a signed letter from Hassett dated July 23, 2007, which stated in relevant part: "[Y]ou will need to make payment to the Norbeck Grove Community Association in this amount with [sic] thirty (30) days of the date of this letter. Any payments not received will be turned over to the attorney, as per the Norbeck Grove Community Association Delinquency Collection Procedures for collection action." Doc. No. 119-2.[3] Defendants contend that the July 23, 2007 letter from Hassett to Plaintiff was not a "collection letter" as it did nothing more than advise Plaintiff of the basis of the claimed debt and

---

[2] Section 1692e(5) of the FDCPA prohibits "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), while Section 14-202(8) of the MCDCA prohibits "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." At least one other court has noted the similarity between these provisions. *See Bradshaw*, 765 F. Supp. 2d at 732–33.

[3] Plaintiff cites several other collection letters she received from Hassett in 2005 and 2006, *see* Doc. Nos. 119-3, 19-4, and 119-5, but these letters do not give rise to a cause of action because they occurred outside the three-year statute of limitations.

inform her how to satisfy the debt.  However, Defendants ignore Hassett's explicit demand in the letter, "you will need to make payment . . . ."  The fact that Hassett may have also "advised" and provided information to Plaintiff does not alter the fact that this letter constituted a clear attempt by Hassett to collect Plaintiff's debt.

Hassett was also personally involved in efforts to obtain a court judgment against Plaintiff on the assessment and associated late fees.  On August 26, 2008, Hassett personally signed an affidavit in support of judgment against Plaintiff in the District Court of Montgomery County.  *See* Doc. No. 119-6.  Hassett also personally appeared in the District Court on May 27, 2010 and in the Circuit Court of Montgomery County on October 20, 2010 to assist in securing a judgment against Plaintiff.  *See* Doc. No. 119-1, at 7.  Defendants argue that participation in a lawsuit for the collection of a debt does not constitute a "collection activity" for which a license is required.  At the very least, however, Hassett's submission of an affidavit and court appearances constitute evidence that he was personally involved in the unlicensed collection efforts.  Moreover, in *Bradshaw v. Hillco Receivables, LLC*, the court held that the unlicensed filing of lawsuits constituted a threat or attempt to take unlawful collection action, and granted summary judgment to plaintiffs on their FDCPA claims and analogous MCDCA claims.  765 F. Supp. 2d at 729–33.  Although Hassett did not personally file the Montgomery County lawsuit against Plaintiff, his personal participation and involvement in the lawsuit nevertheless constituted an attempt to collect Plaintiff's debt.

Finally, Plaintiff and another witness attest that Hassett left a voicemail message for Plaintiff discussing the liens and court action.  *See* Doc. Nos. 92-15 and 119-7.  Defendants are correct that nothing in Hassett's message itself constituted an attempt to collect the debt, but the voicemail further evidences Hassett's personal participation in TMG's collection efforts.  In sum,

Hassett's actions demonstrate that he was acting as an unlicensed collection agency within the meaning of MCALA, and that he personally participated in TMG's unlicensed debt collection efforts.  Accordingly, the Court did not commit manifest error in finding Hassett individually liable under the MCDCA and MCPA.

B.  Gatling's Liability

The Court also concludes that it committed no manifest error in finding Jeffrey Gatling individually liable for damages under the MCDCA and MCPA.  The record reveals that like Hassett, Gatling was personally involved in TMG's unlawful collection activities during the three years before this lawsuit was filed.  On June 23, 2008, Gatling signed a Statement of Lien on Plaintiff's property in Montgomery County.  *See* Doc. No. 119-8.  Defendants admit that Gatling signed the Statement of Lien against Plaintiff's property, but characterize his signing as an "administrative act."  They further claim that Gatling was not personally involved in collecting debts on most of TMG's accounts, including Plaintiff's, and that he deferred to his chief financial officer when collecting on outstanding assessments.  *See* Doc. No. 115-10, Gatling Dep 16:2–8, 27:4–8.  The Court cannot accept that signing the Statement of Lien was merely administrative, however, as Gatling signed the document under the penalty of perjury, and admits to reviewing the substantive content of such Statements of Lien and their attachments prior to signing them.  *See* Doc. No. 115-8; Doc. No. 115:10, Gatling Dep. 18:1–2.  In addition to his personal involvement in the collection of Plaintiff's debt, Gatling, the owner and president of TMG, appears to be the individual motivating and inspiring TMG's debt collection practices generally:

> *I* never quit on outstanding assessments, unless for some reason this person
> cannot be found, they've disappeared from the face of the earth.  Now, *I* know
> this complicates and makes sets of financials look even worse that they are by

> carrying old debt, but as long as we have an opportunity to collect on said debt and we know where to find this person, ***I'm*** not going to quit on them.

Doc. No. 119-21, Gatling Dep. 73:5–13 (emphasis added). Gatling's personal involvement in TMG's debt collection practices is further evidenced by his having signed multiple Statements of Lien on other properties between 2008 and 2012. *See* Doc. Nos. 119-10–119-18.[4] As is the case with Hassett, the record reveals that Gatling was doing business as an unlicensed collection agency within the meaning of MCALA, and that he was personally involved in TMG's unlicensed collection efforts. Accordingly, there was no manifest error in this Court's June 28, 2012 Order finding Jeff Gatling individually liable to Plaintiff under the MCDCA and MCPA.

## IV.   CONCLUSION

For the foregoing reasons, the Court will DENY Defendants' Motion to Amend or Alter the Court's June 28, 2012 Order. A separate Order will follow.

| | |
|---|---|
| \_\_\_September 12, 2012\_\_\_\_<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |

---

[4] These other Statements of Lien did not directly pertain to Plaintiff or her property, but they provide evidence that Gatling was personally involved in TMG's unlicensed collection practices, included its attempts to collect Plaintiff's debt, throughout the relevant period. *See* Fed. R. Evid. 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice.").