IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JANICE FONTELL,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD HASSETT, *et al.*,<br><br>    Defendants. | Civil Action No. AW-10-cv-1472 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Release Defendants Gatling and Solomon's Protective Order,[1] Doc. No. 123, and Defendants' Motion for Leave to File a Surreply, Doc. No. 130. The Court has reviewed the record and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated herein, the Court **DENIES** Plaintiff's Motion to Release Defendants Gatling and Solomon's Protective Order, and **DENIES** as moot Defendants' Motion for Leave to File a Surreply.

On November 10, 2011, the Court issued a protective order as to Defendant Jeff Gatling, both individually and in his official capacity as President of The Management Group Associates, Inc. ("TMG"), and to witness Larry Solomon, as President of Norbeck Grove Community Association, Inc. ("Norbeck Grove"). *See* Doc. Nos. 42 and 78. In granting Gatling and Solomon's Motion for a protective order, the Court excluded from their depositions financial documents and questions regarding the net worth, including all assets and liabilities, of TMG and Norbeck Grove. The Court also ordered Gatling and Solomon to collect and retain the

---

[1] Although Plaintiff's Motion identifies Solomon as a Defendant, he was never a Defendant in this action.

information requested under Plaintiff's Notices of Deposition until the Court provided further instruction.  Plaintiff now moves to release the protective order so that she may present her case at the March 5, 2013 trial and calculate her potential amount of damages.[2]

"[E]vidence of a defendant's wealth is probative and admissible only where a prima facie case for punitive damages has been established." *Harley-Davidson Motor Co., Inc. v. Wisniewski*, 437 A.2d 700, 705 (Md. Ct. Spec. App. 1981) (citing *Derby v. Jenkins*, 363 A.2d 967, 974 (Md. Ct. Spec. App. 1976)).  Thus, the primary issue is whether Plaintiff has established a prima facie case for punitive damages.[3]  If Plaintiff makes such a showing, she may be entitled to the requested financial information.

In this case, it was determined that Defendants violated the Maryland Consumer Debt Collection Act (hereinafter "MCDCA") and the Maryland Consumer Protection Act (hereinafter "MCPA") for operating as debt collectors without a license.  *See* Doc. No. 113 at 21.  With respect to the MCDCA, the Court determined that Defendants had violated Md. Code, Com. Law, § 14-202 which provides that "[i]n collecting or attempting to collect an alleged debt a collector may not: . . . (8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist . . . ."  A collector who violates this provision "is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." Md. Code, Com. Law, § 14-203.  Any violation of the MCDCA is also a violation of the MCPA; therefore, Defendants were found to have violated the MCPA.  *See* Doc. No. 113 at 21.  The MCPA prohibits "unfair or deceptive

---

[2] It appears that the issue of whether to lift the protective order with respect to Larry Solomon is now moot as Plaintiff has already obtained the requested financial records from Norbeck Grove. *See* Doc. No. 131 at 2. Furthermore, Norbeck Grove has been dismissed as a Defendant in this action, and Norbeck Grove's net worth is not relevant to establishing Plaintiff's compensatory damages as to the remaining Defendants.

[3] In this case, the Court previously determined that "Plaintiff is *limited to compensatory damages* for any injury or loss causally related to Defendants' acts, including any mental anguish or emotional distress that Plaintiff can prove at trial." Doc. No. 113 at 22 (emphasis added).  The Court will nonetheless conduct a thorough analysis of the issues presented in the pending motions.

2

trade practices," Md. Code, Com. Law, § 13-301, and expressly provides that violations of the MCDCA constitute "unfair or deceptive trade practices." Md. Code, Com. Law, § 13-301(14)(iii). Where there is a violation of the MCPA, a cause of action is brought pursuant to Md. Code, Com. Law, § 13-408(a), which states that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title." Damages for a violation of the MCPA are governed by Md. Code, Com. Law, § 13-408(b), which provides that "[a]ny person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees."

In accordance with the law in this jurisdiction, punitive damages are not available under either statute. For claims under the MCPA, the Court of Appeals of Maryland held that "[p]unitive damages may not be awarded in an action brought under § 13-408." *Hoffman v. Stamper*, 867 A.2d 276, 304 (Md. 2005); *see also Golt v. Phillips*, 517 A.2d 328, 333 (Md. 1986) (concluding that the private remedy under the MCPA is "purely compensatory" and "contains no punitive component"). This court has also repeatedly held that punitive damages are unavailable under the MCDCA. *See, e.g.*, *Spencer v. Henderson-Webb, Inc.*, 81 F. Supp. 2d 582, 596–97 (D. Md. 1999); *Cilento v. B.T. Credit Co.*, 424 F. Supp. 1, 2 (D. Md. 1977); *see also Betskoff v. Enter. Rent A Car Co. of Balt., LLC*, No. ELH–11–2333, 2012 WL 32575, at *11 (D. Md. Jan. 4, 2012). Therefore, Plaintiff is not entitled to punitive damages for violations of the MCDCA or MCPA.

Even if punitive damages were available under these statutes, Plaintiff has failed to establish a prima facie case for punitive damages. "Punitive damages are awarded [based] upon the heinous nature of the defendant's tortious conduct." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 836 (Md. 2004) (internal quotation marks omitted). Punitive damages

"serve the purpose of punishing the particular tortfeasor and deterring conduct similar to that which underlay the tort" and are only appropriate where "a plaintiff has demonstrated by clear and convincing evidence that the defendant acted with 'actual malice.'" *Id.* at 836–37. The term "actual malice" is defined as "conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud." *Id.* at 837 (internal quotation marks omitted).

The evidence presented by Plaintiff fails to demonstrate that Defendants' engagement in collection activities without a license was characterized by evil motive, intent to injure, ill will, or fraud. By way of example, the Court notes the email chains attached to Plaintiff's Reply brief as exhibits 12 and 13. Doc. Nos. 127-12 and 127-13. Within those e-mails, Tobin Fried, another condo owner, made disparaging comments about Plaintiff to Defendant Todd Hassett. However, in responding to Fried's statements, Hassett never joined in the personal attacks on Plaintiff, and the Court will not impute Mr. Fried's personal views to Hassett or the other Defendants. Plaintiff and Defendants appear to have a somewhat contentious history, as evidenced by Hassett's April 26, 2010 e-mail. Doc. No. 127-4. Even that e-mail, however, stated that Defendants were not targeting Plaintiff based on any personal animosity or with evil motive or ill will: "[Plaintiff] refers to [the fee] as a special assessment, but it is not. It is nothing more than charging each owner their equal share of what the Condo (Ms. Fontell as President) refused to pay." *Id.* Thus, Plaintiff has not made a prima facie showing that Defendants acted with actual malice by engaging in debt collection activities without a license.

Because Plaintiff is not entitled to punitive damages under the MCDCA or MCPA, the Court declines to lift the protective order. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). The requested financial information is not relevant to determining

compensatory damages at trial as it would not help prove the extent of Plaintiff's injury or loss that is causally related to Defendants' violations of the MCDCA and the MCPA.  It is plausible that the requested financial information would be relevant to Defendants' ability to pay Plaintiff *if* a judgment for damages is entered, but lifting the protective order at this stage of the proceedings is premature.[4]  It is within the proper powers of the Court to limit the extent of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).  Since the Court sees no likely benefit to the discovery of the requested financial information at this time, it is clear that the burden or expense on Gatling and Solomon would outweigh the requested discovery's likely benefit.

For the foregoing reasons, it is, this **1st day of November, 2012**, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1) Plaintiff's Motion to Release Defendants Gatling and Solomon's Protective Order, Doc. No. 123, is **DENIED**;

2) Defendants' Motion for Leave to File a Surreply, Doc. No. 130, is **DENIED** as moot; and

3) The Clerk shall transmit this Order to all counsel of record, and **MAIL** a copy to *pro se* Plaintiff.

|  |  |
|---|---|
| November 1, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |

---

[4] If a judgment for damages is entered, the requested financial information could become discoverable under Fed. R. Civ. P. 69(a)(2).