**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| JANICE FONTELL, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-cv-01472-AW |
| | * | |
| TODD HASSETT, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Janice Fontell's Motion to Alter or Amend Judgment Entered on June 28, 2013 or in the Alternative Motion for Relief from the Final Judgment Entered on June 28, 2013.[1]  Doc. No. 189.  The Court has reviewed the motion papers and concludes that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the following reasons, Plaintiff's Motion will be denied.

Plaintiff brings her Motion under Rule 59(e), or alternatively, under Rule 60(b) of the Federal Rules of Civil Procedure.  Courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  A movant seeking relief from a judgment under Rule 60(b) must normally "make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party,

---

[1] Plaintiff previously filed a Motion for Relief from the Judgment and Order Entered on July 29, 2012.  Doc. No. 182.  After Defendants filed a response, Plaintiff moved to withdraw the Motion.  Doc. No. 188.  Accordingly, Plaintiff's unopposed Motion to Withdraw will be granted, and her original Motion for Relief will be denied as moot.

1

and exceptional circumstances.'" *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Once the movant has met the threshold showings, he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993).

Plaintiff claims that the Court committed error in its final judgment and interlocutory orders that: (1) denied her request to amend her complaint to include claims that Defendants Jeff Gatling and The Management Group Associates, Inc. (TMGA) engaged in the unlicensed and unauthorized practice of law; (2) granted summary judgment to Defendant Norbeck Grove Community Association (Norbeck Grove) on Plaintiff's claim that it knowingly and willfully filed a time-barred lawsuit against her; (3) denied her claims under the Fair Debt Collection Practices Act (FDCPA); and (4) overruled her objections to the jury instructions and verdict sheet. The Court will address each of these arguments in turn.

In its October 3, 2011 Opinion and Order, the Court denied Plaintiff leave to add a count against Defendants for their unlicensed practice of law. Doc. No. 64-65. The Court noted that the Maryland Code, including the provisions cited by Plaintiff, Md. Code Bus. Occ. & Prof. §§ 10-101, 10-206, provided no civil remedy for such a violation. Plaintiff has not demonstrated a clear error or law or an intervening change in controlling law that would disturb the Court's conclusion. Plaintiff attempts to analogize the unauthorized and unlicensed practice of law with unlicensed debt collection activities, the latter of which violated the Maryland Collection Agency Licensing Act (MCALA) and gave Plaintiff a private cause of action against Defendants under the Maryland Consumer Debt Collection Act (MCDCA) and Maryland Consumer Protection Act (MCPA). Plaintiff does not cite to, and the Court is not aware of, any judicial decisions that

have adopted Plaintiff's theory of MCDCA or MCPA liability. Moreover, this appears to be the first occasion upon which Plaintiff has raised this argument. "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).[2]

Plaintiff next claims that the Court erred in its April 20, 2012 Opinion and Order by granting summary judgment to Defendant Norbeck Grove on her claim that it knowingly and willfully filed a time-barred lawsuit against her in violation of the MCDCA and MCPA. The Court determined that Plaintiff provided no probative evidence tending to support the claim that Defendants knew or recklessly disregarded the fact that their state court action against Plaintiff was time-barred. Doc. No. 95 at 7-8. The evidence Plaintiff cites in her Rule 59(e) Motion does not alter the Court's conclusion, and furthermore, there is no indication that this evidence is newly discovered. Plaintiff also argues in her pending Motion that the evidence demonstrates that Defendants "should have known" that the state court action was time-barred. Doc. No. 189 ¶¶ 36-37. However, as the Court noted in its April 20 Opinion, whether Defendants "should have known" that the debt collection was time-barred is insufficient to support liability under the MCDCA. Doc. No. 95 at 7. Accordingly, the Court finds no grounds to alter or amend the judgment pursuant to Rule 59(e).

Next, Plaintiff takes issue with the Court's June 29, 2012 Opinion and Order which concluded, *inter alia*, that Defendants did not qualify as debt collectors under the FDCPA. The

---

[2] The Court further notes that the actions relied upon by Plaintiff are Defendants' filing of liens in the Circuit Court for Montgomery County in 2008 and 2010. Doc. No. 189 ¶¶ 18-19. However, Plaintiff was permitted to present this evidence at trial to provide context for her damages claims, and the jury ultimately awarded her $25,000 in emotional distress damages. The Court also instructed the jury that Defendants were liable under the MCDCA and MCPA. Accordingly, the Court fails to see how Plaintiff suffered manifest injustice as a result of the Court's ruling.

FDCPA provides that "[t]he term 'debt collector' . . . does not include . . . any person collecting or attempting to collect any debt . . . asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Plaintiff has failed to demonstrate that the Court committed clear error in its determination that the Defendants began collection efforts on or about February 1, 2006, before Plaintiff refused to pay and before she allegedly defaulted on the obligation. Plaintiff's FDCPA arguments appear to be reiterations of the arguments she presented in her May 16, 2012 Motion to Alter or Amend, Doc. No. 97, and which were already rejected by the Court.[3]

Finally, Plaintiff objects to the Court's use of the terms "compensatory damages," "economic damages," "non-economic damages," and "nominal damages" in the jury instructions and verdict sheet because these terms are not used in the MCDCA and MCPA. Plaintiff fails to articulate how the Court's instructions or verdict sheet affected the jury's determination or resulted in a miscarriage of justice.[4] The Court's distinction between economic and non-economic damages was consistent with Maryland law, and the instructions regarding non-economic damages were necessary given Plaintiff's failure to proffer any admissible evidence regarding economic damages. *See* Doc. No. 172 at 1-2. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error or that she is otherwise entitled to relief.

---

[3] The Court also concluded in its June 29, 2012 Opinion and Order that even if Defendants were debt collectors for the purposes of the FDCPA, Plaintiff's claims were time-barred by the one-year statute of limitations for FDCPA claims. Because the Court is satisfied that there was no error in its holding that Defendants were not debt collectors within the meaning of the FDCPA, it does not need to reach Plaintiff's arguments that it erred with respect to the statute of limitations.

[4] Plaintiff's objections to the jury instructions and verdict sheet may be more properly viewed under Rule 59(a) as a motion for a new trial. Under Rule 59(a), a district judge may grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Coryn Grp. II, LLC v. O.C.Seacrets, Inc.*, 868 F. Supp. 2d 468, 484 (D. Md. 2012) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.,* 99 F.3d 587, 594 (4th Cir.1996)). Plaintiff has failed to demonstrate grounds for a new trial based on the Court's jury instructions or verdict sheet.

To the extent Plaintiff relies on Rule 60(b)(2) or 60(b)(6), she has failed to point to any newly discovered evidence that could not have been discovered with reasonable diligence prior to judgment and trial, and she has also failed to demonstrate any "extraordinary or exceptional circumstances" that would entitle her to relief. *See Smith v. APAC Carolina, Inc.*, 861 F.2d 266 (Table), 1988 WL 105296, at *1 (4th Cir. Sept. 22, 1988).

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment Entered on June 28, 2013 or in the Alternative Motion for Relief from the Final Judgment Entered on June 28, 2013 will be denied. A separate Order follows.

___August 27, 2013____  
        Date                                                               /s/  
                                                       Alexander Williams, Jr.  
                                                       United States District Judge